# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br><br>NEOPHARMA, INC.,<br><br>    Debtor. | Case No. 2:20-bk-52015-SDR<br><br>Chapter 11 |
| In re<br><br>NEOPHARMA TENNESSEE LLC.,<br><br>    Debtor. | Case No. 2:20-bk-52016-SDR<br><br>Jointly Administered |

## NOTICE OF HEARING

**Notice of hereby given that:**

A hearing will be held on the JOINT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CHAPTER 11 TRUSTEE FOR AN ORDER (I) APPROVING ASSET PURCHASE AGREEMENT, (II) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (III) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) GRANTING RELATED RELIEF on March 31, 2021 at 10:00 a.m. in United States Bankruptcy Courtroom, James H. Quillen United States Courthouse, 220 West Depot Street, Greeneville, Tennessee 37743.

If you object to the relief sought in the Motion, you must file an Objection with the Court by March 16, 2021 at 4:00 p.m. (prevailing Eastern Time), and also serve the Objection on Debtors' counsel, Mark Dessauer, P.O. Box 3740, Kingsport, Tennessee 37664; Assistant U.S. Trustee, Tiffany DiIorio, 800 Market Street, Suite 114, Knoxville, Tennessee 37902; Counsel for the Official Committee of Unsecured Creditors (Jeff Garfinkle, 18400 Von Karman Avenue, Suite 800, Irvine, California 92612, and Gregory C. Logue, P.O. Box 900, Knoxville, Tennessee 37901); Counsel for the Trustee, David E. Gordon and Caryn Wang, 1201 West Peachtree Street NW, Atlanta, Georgia 30309; and any stalking horse bidder.

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the Joint Motion of Official Committee of Unsecured Creditors and Chapter 11 Trustee for an Order (i) Approving Asset Purchase Agreement, (ii) Approving Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (Iii) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (iv) Granting Related Relief and may enter an order granting that relief.

Given the current public health crisis, hearings may be telephonic only. Please check the Court's website www.tneb.uscourts.gov prior to the hearing for instructions on whether to appear in person or by telephone. Information on how to call in and participate is also posted on the website.

4744419.1
76633586.3

**JOINT MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CHAPTER 11 TRUSTEE FOR AN ORDER (I) APPROVING ASSET PURCHASE AGREEMENT, (II) APPROVING SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (III) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (IV) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Gary M. Murphey, in his capacity as chapter 11 trustee appointed in the Chapter 11 Cases (the "Chapter 11 Trustee" together with the Committee, the "Movants"), hereby jointly file this motion seeking entry of an order, substantially in the form of Exhibit 1 attached hereto (the "Order"), (i) authorizing and approving the Chapter 11 Trustee's entry into the APA (as defined herein), (ii) authorizing the sale of the Debtors' assets outside the ordinary course of business, (iii) authorizing the sale of assets free and clear of all liens, claims, encumbrances and interests, (iv) authorizing the assumption and assignment of certain executory contracts and unexpired leases, and (v) granting related relief.

**PRELIMINARY STATEMENT**

The Committee and the Chapter 11 Trustee are engaged in a joint and fully cooperative, Court-approved, fair and open marketing and sale process designed to maximize the value of the Debtors' assets (the "Assets"). On February 18, 2021, the Court approved bidding procedures that the Movants and their advisors are currently utilizing to generate as much interest as possible in the market.

The Movants recognize that the estates are incurring significant administrative expense liabilities as long as the Assets remain in chapter 11—including substantial electricity and other utility charges. As the Court recognized in entering the Bidding Procedures Order (as defined

2

4744419.1
76633586.3

herein), the Assets need to be sold as expeditiously as possible. Accordingly, as of the date of this Motion, the sale process is already well underway. The Movants' advisors have contacted dozens of potential interested parties with "teasers", intended to provide an initial overview of the Assets, and the Movants have established a data room populated with critical business and financial information to aid in the due diligence of potential interested parties. The Movants and their advisors expect to work diligently and with urgency in the weeks leading up to the March 24, 2021 bid deadline to increase the likelihood of receiving multiple qualified bids, resulting in a competitive auction.

For the reasons set forth in this Motion, as well as any further supporting argument and evidence submitted by the Movants in advance of the hearing on the Motion (the "<u>Sale Hearing</u>"), the Movants respectfully request that the Court approve the proposed sale (the "<u>Sale</u>") and enter the Order.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

The statutory predicates for the relief requested herein are sections 105(a), 363, and 365 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 6004-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Tennessee (the "<u>Local Rules</u>").

4744419.1
76633586.3

**FACTUAL BACKGROUND**

A.  **General Background**

On December 22, 2020 (the "Petition Date"), the Debtors commenced the above-captioned Chapter 11 cases. The Debtors have described their business operations, corporate and capital structure, and reasons for commencing the Chapter 11 Cases in the *Declaration of David Argyle* [Docket No. 67-1].

On January 14, 2021, the Office of the U.S. Trustee appointed the Committee.

On January 27, 2021, the official committee of unsecured creditors in the above-captioned cases (the "Committee") filed the *Motion of Official Committee of Unsecured Creditors for an Order (I) Authorizing the Committee to Market the Debtors' Assets for Sale, (II) Approving Bidding Procedures, (III) Approving the Form of Asset Purchase Agreement, (IV) Approving a Stalking Horse Bid and Certain Bid Protections, (V) Authorizing the Committee Chairperson or the Committee's Designee to Execute Transaction Documents, and (VI) Granting Related Relief* [Docket No. 118] (the "Bidding Procedures Motion").

On January 29, 2021, the Court appointed Gary M. Murphey as the chapter 11 trustee for the Debtors.

On February 12, 2021, the Chapter 11 Trustee filed the *Joinder to the Motion of Official Committee of Unsecured Creditors for an Order (i) Authorizing The Committee to Market the Debtors' Assets for Sale, (ii) Approving Bidding Procedures, (iii) Approving the Form of Asset Purchase Agreement, (iv) Approving a Stalking Horse Bid and Certain Bid Protections, (v) Authorizing the Committee Chairperson or the Committee's Designee to Execute Transaction Documents, and (vi) Granting Related Relief* (the "Trustee Joinder"), pursuant to which the Chapter 11 Trustee joined the Committee's Bidding Procedures Motion.

4744419.1
76633586.3

On February 18, 2021, the Court entered its *Order (I) Authorizing Creditors' Committee and Chapter 11 Trustee to Market Debtors' Assets for Sale, (II) Approving the Bidding Procedures, (III) Approving the Form of Asset Purchase Agreement, (IV) Approving Stalking Horse Bid and Certain Bid Protections, (V) Authorizing the Committee Chairperson or the Committee's Designee to Execute Transaction Documents, and (VI) Granting Related Relief* [Docket No. 185] (the "Bidding Procedures Order"). Among other things, the Bidding Procedures Order approved certain bidding and auction procedures designed to maximize the value received in exchange for the Debtors' assets (the "Bidding Procedures"). *See* Bidding Procedures Order ¶ 10.

## REQUESTED RELIEF

The Movants request that the Court enter an order (i) authorizing and approving the Chapter 11 Trustee's entry into the APA, (ii) authorizing the sale of the Debtors' assets outside the ordinary course of business, (iii) authorizing the sale of assets free and clear of all liens, claims, encumbrances and interests, (iv) authorizing the assumption and assignment of certain executory contracts and unexpired leases, and (v) granting related relief.

## LEGAL ARGUMENT

**A.    Sufficient Business Reasons Exist for the Court to Approve the Sale Under Section 363(b) of the Bankruptcy Code**

Section 363 of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, a sale of a debtor's assets should be authorized if a sound business purpose exists for doing so. *See, e.g.*, *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *Stephens*

5

*Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (2d Cir. 1986); *In re Engman*, 395 B.R. 610, 620 (Bankr. E.D. Mich. 2008); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Delaware & Hudson Ry. Co.*, 124 BR. 169, 176 (D. Del. 1991); *see also Official Committee of Unsecured Creditors v. The LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *Committee of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See, e.g., In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re Hupp Indus.*, 140 B.R. 191 (Bankr. N.D. Ohio 1992); *In re Integrated Resources*, 147 B.R. 650, 659 (S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the. . . [trustee's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting *In re Atlanta Packaging Prods.*, Inc., 99 BR. 124, 130 (Bankr. N.D. Ga. 1988)).  As long as the sale appears to enhance a debtor's estate, court approval of a trustee's decision to sell should only be withheld if the trustee's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005); *In re Lajijani*, 325 B.R. 282, 289 (9th Cir. B.A.P. 2005); *In re New Era Resorts, LLC*, 238 B.R. 381, 387 (Bankr. E.D. Tenn. 1999) ("[T]he court has broad discretion in determining whether to approve a sale other than in the ordinary course of business."); *In re WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample discretion to administer the estate,

including authority to conduct public or private sales of estate property. Courts have much discretion on whether to approve proposed sales, but the trustee's business judgment is subject to great judicial deference.").

**B.    The Court Should Approve the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests Pursuant to Section 363(f) of the Bankruptcy Code**

Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests and encumbrances if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). In addition, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

Section 363(f) of the Bankruptcy Code only requires that one of the five statutory requirements be satisfied in order for the debtor's assets to be sold "free and clear" of liens and interests. *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (noting that because section 363(f) is written in the disjunctive, a court may approve a sale free and clear if any one subsection is met); *see also Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (same); *In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986) (same).

Here, in the interest of attracting the best available offers and maximize value for creditors and other stakeholders, it is appropriate to sell the Debtors' assets on a final, "as is" basis, free and clear of any and all liens, claims, encumbrances, and interests (except as

7

otherwise expressly set forth in the Order or an APA with a Successful Bidder, as applicable). The Movants submit that at least one of the tests set forth in section 363(f) is or will be satisfied with respect to all liens, claims, encumbrances, and interests existing with respect to the Debtors' assets.

The only purported secured debt that exists on the Debtors' assets is a disputed loan in the amount of approximately $250,000 by Peta Pharma Inc. (the "Peta Pharma Claim"). The Debtors have already taken the position that the promissory note (the "Peta Pharma Note") giving rise to the Peta Pharma Claim was not duly authorized by the Debtors when it was issued. The Movants take no position regarding this issue at this time. In addition, the Peta Pharma Claim purports to be secured by an "all assets" lien, including the Debtors' pharmaceutical plant. However, it does not appear that Peta Pharma Inc. recorded any real property mortgage to perfect its real property security interest. Accordingly, in the event that Peta Pharma Inc. objects to the sale free and clear, the Court should still approve such a sale given that, *inter alia*, a bona fide disputes exist regarding whether (a) the Peta Pharma Note was duly authorized by the Debtors and (b) the asserted Peta Pharma Claim is a validly perfected secured claim at all.

With respect to any other party asserting a lien, claim, or encumbrance against the Debtors' Assets, the Movants anticipate that they will be able to satisfy one or more of the conditions set forth in section 363(f) of the Bankruptcy Code. Known lienholders, if any, will receive notice and will be given sufficient opportunity to object to the relief requested. Lienholders that do not object to the Sale should be deemed to have consented. *See*, *e.g.*, *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285–86 (7th Cir. 2002). Movants submit that this Motion complies with Local Rule 6004-1(b) because it sets forth (i) the identity of any lien

or interest holder; (ii) the amount of such claim; and (iii) the basis for the sale under 11 U.S.C. § 363(f).

### C. The Court Should Approve the Assumption and Assignment of the Executory Contracts and Unexpired Leases

Section 365(a) of the Bankruptcy Code provides, in relevant part, that a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See* 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 COLLIER ON BANKRUPTCY ¶ 365.01[1] (15th ed. 1993)).

Court's review a trustee's (or debtor in possession's) decision to assume or reject under the deferential "business judgment" standard. *See*, *e.g.*, *In re VisionAmerica, Inc.*, 2001 Bankr. LEXIS 1142, at *17 (Bankr. W.D. Tenn. Sept. 12, 2001). "The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Integrated Res., Inc.*, 147 B.R. at 656 (quoting *Smith v. Van Gorkom*, 488 A.2d at 872). Here, the Movants' have exercised sound business judgment in determining to assume and assign certain executory contracts and unexpired leases in connection with the Sale. The Court-approved Bidding Procedures established reasonable and customary procedures for the Movants and potential bidders to identify executory contracts and unexpired leases that may be assigned in connection with the Sale. Those executory contracts and unexpired leases that the successful buyer identifies as part of the assets to be sold should therefore be approved for assumption and assignment as a means of maximizing the value of the estates' assets.

9

Moreover, section 365(k) of the Bankruptcy Code provides that the assignment of a contract or lease "relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment." *See* 11 U.S.C. § 365(k). Accordingly, upon assumption and assignment to the buyer, the estates will face no further liability with respect to the assumed and assigned contracts.

Section 365(b)(1) of the Bankruptcy Code provides that any outstanding defaults under an executory contract or unexpired lease must be cured or adequate assurance mush be provided that such defaults will be promptly cured. *See* 11 U.S.C. § 365(b)(1). Here, the Movants have designed a bidding and sale process that will address the cure rights held by any counterparties. The Bidding Procedures provide that the Movants will provide notice to all contract and lease counterparties of the Movants' proposed cure amounts (to the extent the Trustee is able to determine such amounts upon a review of the Debtors' books and records) (the "Contract Notice"). Pursuant to the Bidding Procedures Order, the counterparties have 21 days to object to the Movants' proposed cure amounts as set forth in the Contract Notice. *See* Bidding Procedures Order ¶ 15. In the event that a counterparty objects to the Contract Notice, the relevant contract or lease will not be assumed and assigned unless and until the cure amount (as ultimately agreed-upon by the parties or determined by Court order) is paid or otherwise reserved for in accordance with section 365(b)(1). In addition, the Movants' Court-approved form of Asset Purchase Agreement (the "APA") makes clear that any buyer is fully responsible for the payment of all Cure Costs (as defined in the APA) associated with executory contracts and unexpired leases to be assumed and assigned. *See* APA § 2.4(c).

Section 365(f)(2) of the Bankruptcy Code provides that the trustee may assign an executory contract or unexpired lease if "adequate assurance of future performance by the

assignee of such contract or lease is provided." *See* 11 U.S.C. § 365(f)(2). The term "adequate assurance of future performance" should be given a "practical, pragmatic construction" to take into account the facts and circumstances surrounding the proposed transaction and related assignment. *See In re Fleming Cos., Inc.*, 499 F.3d 300, 307 (3d Cir. 2007) (internal citation omitted). The trustee is able to meet its burden of showing adequate assurance of future performance by demonstrating the financial health and operational experience of the proposed assignee. *See, e.g., In re Bygaph, Inc.*, 56 B.R. 596, 605–06 (Bankr. S.D.N.Y. 1986). Here, under the Bidding Procedures, the successful bidder in the Movants' sale process will have provided adequate assurance information sufficient to satisfy the burden under section 365(f)(2). The Movants have the authority under the Bidding Procedures to review and request additional adequate assurance information from potential buyers. To the extent a counterparty objects to assumption and assignment based on a contention that adequate assurance of future performance has not been provided, the Movants will submit evidence to satisfy their burden with respect to the proposed buyer.

**D.    The Court Should Order that the Buyer is Entitled to the Protections Afforded Under Section 363(m) of the Bankruptcy Code**

Section 363(m) of the Bankruptcy Code provides that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of [section 363] of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). The Movants request that the Court provide that the successful bidder ultimately identified by the Movants in accordance with the Court-approved Bidding Procedures be afforded the protections set forth in section 363(m). The Movants are engaged in a fair and

11

open marketing and auction process designed to culminate in a transaction that will maximize the value of the Debtors' assets for the benefit of the Debtors' creditors and other stakeholders. The Movants submit that potentially interested bidders, particularly those with a focus on acquiring distressed assets through bankruptcy sales, will expect to receive protection under section 363(m).

E.   **The Court Should Waive the Stay Imposed Under Bankruptcy Rules 6004(h) and 6006(d)**

Bankruptcy Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Bankruptcy Rule 6006(d) provides that "[a]n order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Here, the Movants request that the Court waive the stays imposed under Bankruptcy Rules 6004(h) and 6006(d). The Movants' Court-approved sale process is premised on the fact that the Debtors' assets need to be marketed and sold as expeditiously as possible. The Court has already approved an accelerated timeline for the Sale, which appropriately balances the estates' interest in maximizing value while also recognizing that the assets must be sold quickly to minimize the administrative expense burden imposed on these estates. Accordingly, the Movants submit that the waiver of the stays under Bankruptcy Rules 6004(h) and 6006(d) is reasonable and appropriate under the circumstances.

[*Remainder of Page Left Intentionally Blank*]

## CONCLUSION

WHEREFORE, the Movants respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

Respectfully submitted this 22nd day of February 2021.

/s/ *David E. Gordon*
POLSINELLI PC
David E. Gordon
Georgia Bar No. 111877 (admitted *Pro Hac Vice*)
Caryn E. Wang
Georgia Bar No. 542093 (admitted *Pro Hac Vice*)
1201 West Peachtree Street NW
Atlanta, Georgia 30309
Telephone: (404) 253-6000
Facsimile: (404) 684-6060
dgordon@polsinelli.com
cewang@polsinelli.com

– and –

Michael Malone (Tenn. Bar No. 031219)
401 Commerce Street, Suite 900
Nashville, TN 37219
Telephone: (615) 259-1510
Facsimile: (615) 259-1573
mmalone@polsinelli.com

*Proposed Counsel to Gary M. Murphey As Chapter 11 Trustee*

/s/ *Gregory C. Logue*
WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
Gregory C. Logue
(Tenn. Bar No. 012157)
900 S. Gay Street, Suite 900
Knoxville, TN 37902
Telephone: (865) 215-1000
glogue@wmbac.com

– and –

BUCHALTER, P.C.
Jeffrey K. Garfinkle
(Cal Bar. No. 153496; Wash. Bar No. 55968)
(Admitted *Pro Hac Vice*)
Julian I. Gurule
(Cal. Bar. No. 252160)
(Admitted *Pro Hac Vice*)
18400 Von Karman Ave., Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
jgarfinkle@buchalter.com
jgurule@buchalter.com

*Counsel to Official Committee of Unsecured Creditors*

4744419.1
76633586.3